Wash, J.,
delivered the opinion of the Court.
This is an action of trespass quarc clausum fregit, in tile common form, brought by the plaintiff against the defendants. The declaration contains several counts, to all of which the defendants pleaded generally: first, not guilty 5 and second, liberum tenemmtum. The plaintiff' replied, and newly assigned, that the piece or parcel of land in which, &c., in the several counts of the declaration mentioned, at the said several times, when, See., setting out the abuttals, was a certain close containing six hundred and forty acres, and was another and a different close from that in the second plea mentioned, to which the defendants pleaded anew: first, the plea of not guilty; and second, that said close, newly assigned, in whi.ch the said trespasses are charged to have been committed, and the boundaries thereof as newly assigned by the plaintiff, include two hundred and fifty acres of land, the close, soil and freehold of third persons, and that they, the said defendants, as the agents of those third persons, .entered the close aforesaid, as lawfully they might, which are the said several sup *387 posed trespasses complained of against them, &c. To this plea there was a general demurrer, on which judgment was rendered against the plaintiff $ to reverse which he has "brought his writ of error into this Court,
For the defendants it is insisted: first, that the plea demurred to presents a good and complete bar to the action; second, that the defect, if there be one, cannot he reached by general demurrer; third, that whether the plea be good or bad, is not material, forasmuch as the new assignment was clearly defective, and must be reached by the demurrer.
The close newly assigned, with abuttals, contains the quantity of six hundred and forty acres of land, upon which the defendants pleaded their right to enter as the agents of third persons, who, from their own showing, are the owners of only two hundred and fifty acres, without attempting to justify or defend their entry into the residue of six hundred and forty acres. The authority in 1 Chit. 510 is directly in point, and shows that this plea, professing in its commencement to answer the whole new assignment, and answering only a part thereof, is had ; and that the defect may he taken advantage of, on general demurrer. This authority disposes, satisfactorily, of the two first points relied on by the defendants; the third is one of greater diflb-culty, and deserves more consideration. It is urged by the defendants’ counsel, that a new assignment must have all the qualities of a declaration, and he equally certain as to time, place, and other circumstances; and such is the language of 1 Chitty, 611. This is clear law, but then it is equally well settled, that the new assignment is used to ascertain, with precision and exactness, the time or place which had been alledged generally in the declaration, and to explain that more fully, which is only apparently answered by the plea: 1 Saund. 209, a. n. 6. The new assignment is merely to avoid the effect of the plea, and may he either of the time, place, or cir--cumstances : 1 Chit. 612. If it be of another close or place, it should he described with so much certainty and precision, that a plain difference may be perceived between the close, or place newly assigned, and that mentioned in the plea. If the novel assignment be of a different trespass, it must charge the trespass anew, with such precision and variation, as to time and place, as not only to show that it is what it professes to he, another and a different trespass, but also to enable the plaintiff to recover for such trespass, so newly assigned. In trespass for injury, taking and carrying away goods and chattels, the new assignment may be of other than that mentioned in the declaration, and no part of those mentioned in the plea : 2 Chit. 703. In the case under consideration, the new assignment is an exact copy of the form in 2 Chit. 703, and the locus in quo is described with certainty and precision. It is objected, however, that the trespass itself has not been newly assigned, except by reference to the declaration, in the language of the novel assignment; “that the piece or parcel of land, in which, &c., in the several counts of the said declaration mentioned, at the said several times when, &c.;” and that the novel assignment is virtually an abandonment of the trespasses charged in the declaration, and must contain within itself, every requisite of an original declaration : and 1 Chit. 610, is relied on by the defendants’ counsel. The forms, however, given by Chitty himself, 2d vol. 703, as well as his text, in 1st vol. 612, and the authority above referred to in Saunders, with the whole science of pleading, are opposed to this doctrine, and show that nothing more is meant, than that whatever the plaintiff is under the necessity of newly assigning, in order to avoid the effect of the plea, whether it be of the time, place or circumstances, must be staled with as much precision as in a declaration. *388 In the. case before the Court, the locos in gno is the only thing avoided by the plea. The trespasses, or the entry, and acts complained of as such, are admitted, and of course need not he re-affirmed, in the- novel assignment. The Circuit Court erred, therefore, in deciding that the new assignment was insufficient, and in rendering judgment for the defendants, on the demurrer.
Let the judgment be reversed, with costs, and the cause remanded to the-Circuit Court to he-further.proceeded' in.